1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  MANUEL CISNEROS-HERNANDEZ,          CV F 05-1235 REC DLB HC

10               Petitioner,          ORDER TRANSFERRING ACTION TO
                                      NINTH CIRCUIT COURT OF APPEALS
11      v.                            PURSUANT TO REAL ID ACT OF 2005 AS
                                      PETITION FOR REVIEW
12
13  SECRETARY DEPARTMENT OF           [Doc. 1]
    HOMELAND SECURITY,
14               Respondent.
15  _____/

16         Petitioner is detained by the United States Bureau of Immigration and Customs

17  Enforcement ("ICE") and is proceeding pro se with a petition for writ of habeas corpus pursuant

18  to 28 U.S.C. § 2241.   Petitioner is challenging the final order of deportation.

19                                  DISCUSSION

20         On May 11, 2005, the President signed into law the "Emergency Supplemental

21  Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005."

22  Division B of the Act is titled "REAL ID Act of 2005."   Section 106 of the REAL ID Act

23  amends portions of section 242 of the Immigration and Nationality Act (hereinafter "INA"), 8

24  U.S.C. § 1251, and clarifies the scope of judicial review of removal orders.  Pursuant to section

25  106 of the REAL ID Act, a petition for review to the court of appeals is the exclusive means of

26  review of an administrative order of removal, deportation, or exclusion.  Id. at § 106(a).  Section

27  106(c) provides that any habeas corpus petition pending in the district court in which an alien

28  challenges a final administrative order of removal, deportation, or exclusion shall be transferred

1  by the district court to the appropriate court of appeals.[1]  When a case pending in the district

2  court contains both challenges to an order of removal, deportation, or exclusion and to a non-

3  removal order issue, the district court shall transfer to the court of appeals "the part of the case

4  that challenges the order of removal, deportation, or exclusion." Id.

5       In this case, Petitioner challenges the Immigration Judge's order of deportation, and the

6  case was filed after the Act went into effect. Therefore, the statute requires that this Court

7  transfer the matter to the Ninth Circuit Court of Appeals.

8                                              ORDER

9       Based on the foregoing, it is HEREBY ORDERED that the instant petition for writ of

10  habeas corpus is transferred to the Ninth Circuit Court of Appeals as a petition for review.

11       IT IS SO ORDERED.

12  **Dated:  November 15, 2005**            **/s/ Robert E. Coyle**
    668554                                  UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26  _____

27  [1] Section 106(c) defines the appropriate transferee court as the "court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note)."  Section 242(b)(2) of the INA defines the proper venue for a petition for review as "the judicial circuit in which the immigration judge completed the [underlying immigration] proceedings."  INA § 242(b)(2), 8 U.S.C. § 1252(b)(2).

28